The Granite State Provident Association v. Sonderman.

1. *Decrees—Conclusive as to Matters Adjudicated.*—The Appellate Court can look to the decree alone to ascertain what was adjudicated in the court below.

Memorandum.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Circuit Judge, presiding. Heard in this

court at the May term, A. D. 1892, and affirmed. Opinion filed October 24, 1892.

The opinion states the case.

CHAS. E. SELBY and CONKLING & GROUT, attorneys for appellant.

M. U. WOODRUFF and E. L. CHAPIN, attorneys for appellee.

OPINION BY THE COURT.

This case is similar in most of its features to the preceding case of the same appellant v. Lloyd, and the ruling will be the same as to such matters.

An additional point, however, is that the appellee and a number of other shareholders filed a bill in chancery in New Hampshire against the appellant, having for its chief object the winding up of the corporation, praying for the appointment of a receiver, that an account might be taken of the amounts paid in by the several complainants, and that the same might be refunded. It was alleged that the corporation was insolvent, that its proceedings were illegal and that the complainants had been fraudulently induced to enter the association. The decree of the court was that the relief sought be denied. It is insisted that there was in that case an adjudication that the appellee had paid in a sum considerably less than that now sued for and recovered, and that such adjudication is binding here. We think this is a misapprehension. While it is true that in a schedule attached to the opinion of the court the amounts paid in by the several complainants are set forth, including those paid by appellee, yet nothing of the sort appears in the decree.

We can look to the decree alone to ascertain what was adjudged. Indeed, the court having found that the grounds alleged for closing the business of the corporation were not supported by the proofs, there was no occasion to inquire into the state of accounts between the corporation and the complaining stockholders. It is not apparent, therefore, that any matter was adjudged in that proceeding to bar the remedy sought in this. The judgment will be affirmed.